Requestor: Leonard Berkowitz, Esq., Town Attorney Town of Orchard Park S4295 South Buffalo Street Orchard Park, N Y 14127
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a town police officer may run for and hold the position of village trustee of a village within the town.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
Village trustees are the legislative body of the village. Town police officers are responsible for law enforcement within the town, including any villages therein. One position is not subordinate to the other nor do we believe there is any conflict between the duties of the two positions. 1974 Op Atty Gen (Inf) 79. In running for office, police officers must adhere to certain restrictions in the Election Law relating to, for example, campaigning and solicitation of funds. See, e.g.,
Election Law § 17-110. These restrictions do not prohibit a police officer from being a candidate for public office. Jones v Seneca CountyBoard of Elections, 83 A.D.2d 982 (4th Dept 1981).
We conclude that the positions of village trustee and town police officer are compatible.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.